FRANK JOHNSON, PLAINTIFF IN ERROR, v. THOMAS VAN CLEVE ET AL., DEFENDANTS IN ERROR.

1. **Appeal from Justice of Peace.** Under sections 1008 and 1011 of the code as it existed in 1886, an appellant had thirty days from the rendition of the judgment in which to file his transcript in the district court, and until the second day of the next term of the district court, after the thirty days. *Union Pac. R. R. Co. v. Marston,* 22 Neb., 721.

2. ———: JURISDICTION OF DISTRICT COURT. Where a transcript is filed by either party on or before the thirtieth day, or on or

before the second day of the first term of the district court oc-
curring after such thirtieth day after the rendition of the
judgment, the court will thereby acquire jurisdiction of the
case. *Id.*

3. Judgment: INJUNCTION: PLEADING AND PROOF. Before a
judgment of a district court will be enjoined on the ground of
the want of jurisdiction in such court to render it, such want of
jurisdiction must be made to appear by allegation in the plead-
ings, as well as by proof.

ERROR to the district court for Hamilton county.
Tried below before NORVAL, J.

*A. Ewing* and *Reinoehl & Whited,* for plaintiff in error,
on question of jurisdiction, cited: *Ellis v. Bennett,* 3 Pac.
Rep., 801. *Kidder v. Fay,* 18 N. W. R., 839. *Smails v.
White,* 4 Neb., 356. *Horn v. Miller,* 20 Id., 104. En-
joining void judgment. Maxwell Pl. and Pr., 550. *Horn
v. Queen,* 4 Neb., 108. *Reavis v. Horner,* 11 Id., 480.
*Chambers v. King Bridge Co.,* 16 Kan., 270. Herman
Executions, 610. *Carruthers v. Hartsfield,* 24 Am. Dec.,
580.

*J. H. Smith,* for defendant in error, cited: *Struber v.
Rohlfs,* 12 Pac. Rep., 830. *Smiley v. Sampson,* 1 Neb.,
83. *Dobson v. Dobson,* 7 Id., 296. *R. V. R. R. Co. v.
McPherson,* 12 Neb., 480. *Spencer v. Thistle,* 13 Neb.,
227. *Wingfield v. McLure,* 3 S. W. R., 439.

COBB, J.

This cause was brought in the district court of Hamil-
ton county, by Frank Johnson, against Thomas Van
Cleve and T. E. Valentine, for the purpose of enjoining
an alleged void judgment which Van Cleve had obtained
against Johnson in the said court, and an execution issued
thereon, which had been placed in the hands of Valentine,
as sheriff of said county, and which had been by him lev-
ied upon the personal property of Johnson.

The petition alleges that, on or about the 8th day of February, 1886, Thomas Van Cleve commenced an action against the plaintiff to recover the sum of $38.75, before I. W. Ward, a justice of the peace of Hamilton county; that on the 13th day of February, 1886, said suit was tried, and on the 15th day of the same month said justice of the peace gave judgment for said Frank Johnson, defendant therein, and found no cause of action, and also gave judgment against said Thomas Van Cleve for cost of suit; that there is no record in the docket of said justice of the peace that any transcript of the record of said suit had been given to be filed in the clerk's office, as required by law; that there is no record in the docket of said justice of the peace showing that an appeal undertaking had been taken (*sic*) in said action, nor of the time of entering the same, nor by which party taken; that the paper purporting to be an appeal bond and a transcript of the record in said action was not filed in the office of the clerk of the district court until April 1, 1886, after the second day of the next succeeding term of the district court, held in March, 1886, and not until after thirty days from the time allowed for perfecting an appeal in said action; that plaintiff had no notice nor knowledge that an appeal had been taken in said action, nor that said suit was pending in the district court, and that he had no chance to defend against said action in the district court, although he had a good and sufficient defense thereto; that at the September term of the district court, judgment was rendered in favor of Van Cleve. On the 25th day of January, 1887, an execution was issued from the district court on said judgment, and a levy made on certain property of Johnson, who brought this action to enjoin the sale thereof.

The defendant filed a general demurrer to the said petition, which was sustained, and the plaintiff standing upon his said petition, judgment was rendered for the defendant. The plaintiff brings the cause to this court

36

on error, and assigns as error the sustaining of the said demurrer.

In the case of *Union Pacific R. Co. v. Marston*, 22 Neb., 721, this court held that, "under sections 1008 and 1011 of the code as it existed in 1886, an appellant had thirty days from the rendition of judgment before the justice in which to file his transcript in the district court, and until the second day of the next term of the district court after the thirty days;" and that, "where a transcript is filed by either of the parties on or before the thirtieth day after the rendition of the judgment, the court will thereby acquire jurisdiction of the cause."

The judgment in the case, set out in the petition in the case at bar, was rendered by the justice on the 15th day of February, 1886. The plaintiff in said cause, against whom the judgment was rendered, had until the 17th day of March in which to file a transcript, irrespective of terms of court, and in addition to said thirty days he also had until the second day of the next term of court held after that time in which to file the transcript. The term of court which, according to the brief of plaintiff, was held on the eleventh day of March, having been held before the expiration of thirty days after the rendition of the judgment by the justice, avails nothing in the argument, and is to be left out of consideration. The next regular term of court was held in the month of September, and the appellant from the judgment rendered by the justice had, in addition to the thirty days above stated, until the second day of that term in which to file the transcript in the office of the clerk of the district court. And having filed such transcript on the first day of April before the commencement of said September term, the district court had jurisdiction of the cause.

Section 1007 of the code provides, that, "The party appealing shall, within ten days from the rendition of judgment, enter into an undertaking to the adverse party, with

at least one good and sufficient surety, to be approved by such justice, in a sum not less than fifty dollars in any case, nor less than double the amount of the judgment and costs, conditioned: *First*, That the appellant will prosecute his appeal to effect and without unnecessary delay. *Second*, That if judgment be adjudged against him on the appeal he will satisfy such judgment and costs."

The giving of this undertaking and its approval by the justice, are acts probably necessary to the jurisdiction of the district court to hear or try the cause on appeal. But this question does not arise in this case, as the petition does not allege that no undertaking was filed, but only that the record does not show that one was filed. It is not sufficient that the petition alleges the absence of record evidence of necessary proceedings, but there must be an allegation that such proceedings were not had or taken, as matter of fact. It will not be denied that it was the duty of the justice to make an entry upon his docket of the giving and approval of the undertaking, if one was given and approved. But such undertaking, with the certificate of the justice's approval thereon, if presented to the district court, would prove itself, and that court would necessarily take notice of it, although no mention is made of it in the transcript. It must be borne in mind that all presumptions are in favor of the jurisdiction of a district court to render a judgment which it has in fact rendered, and it necessarily follows that before its judgment can be enjoined on that ground, its want of jurisdiction must be made to appear, both by allegation and proof.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.