GEORGE P. MULDOON, PLAINTIFF IN ERROR, v. ISAAC LEVI, DEFENDANT IN ERROR.

1. **Appeal**: PRACTICE. A judgment was rendered against defendant in the county court. Within ten days thereafter he filed an undertaking for appeal. Subsequently, but more than thirty days after the rendition of the judgment, he filed his transcript in the district court, whereupon defendant in error filed his motion for a judgment in his favor, similar to that entered by the county court, without filing an additional transcript. The motion was sustained and judgment entered accordingly. *Held*, No error.

2. **Constitutional Law.** Chapter 97 of the Session Laws of 1887, being, "An act to amend section 1011 of the code of civil procedure, and to repeal said original section," *Held*, To be constitutional, in so far as it was amendatory of the section referred to, and to that extent, at least, valid.

3. ——— : AMENDMENT OF STATUTES. Where a statute contains invalid or unconstitutional provisions, if the valid and invalid are capable of separation, only the latter are to be disregarded. *Board of Supervisors v. Stanley*, 105 U. S., S. C. Rep., 305.

ERROR to the district court for Douglas county. Tried below before DOANE, J.

*A. N. Ferguson*, for plaintiff in error, cited: *Smails et*

*al. v. White,* 4 Neb., 353.    *Miller v. Hurford,* 11 Neb., 377.    *Harland v. Territory,* 13 Pacific Rep., 458.

*Offut & English,* for defendant in error, cited :    *White v. The City of Lincoln,* 5 Neb., 516.    Cooley's Constitutional Limitations, 148-178, 5th Ed.

REESE, CH. J.

This action was originally instituted in the county court of Douglas county.

On the 30th day of December, 1887, judgment was rendered in favor of defendant in error.    Within ten days thereafter an appeal bond was filed by plaintiff in error. On the 3d day of February following he filed his transcript in the district court.    Defendant in error thereupon moved for judgment thereon, as in the court below, for the reason that plaintiff in error had failed to perfect his appeal within thirty days, as provided by the act approved March 31st, 1887, section 1011, Compiled Statutes of 1887.    This motion was sustained, and a judgment entered similar to that entered by the county court.

Plaintiff in error presents the cause to this court by proceedings in error.

Two questions are presented for decision.

1st.    It is contended that the court erred in rendering judgment against plaintiff in error on *his* transcript, filed by him.

The provisions of the section referred to are as follows: "If the appellant shall fail to deliver the transcript and other papers, if any, to the clerk, and have his appeal docketed as aforesaid, within thirty days next following the rendition of said judgment, the appellee may, at the first term of the district court after the expiration of thirty days, file a transcript of the proceedings of such justice, and the said cause shall, on motion of said appellee, be docketed ; and the court is authorized and re-

quired, on his application, either to enter up a judgment in his favor similar to that entered by the justice of the peace, and for all costs that have accrued in the court, and award execution thereon, or the said court may, with the consent of such appellee, dismiss the appeal, at the cost of the appellant, and remand the cause to the justice of the peace to be thereafter proceeded in as if no appeal had been taken," etc.

A reasonable construction of this section would doubtless be, that if the appellant, after having filed his appeal bond in the court where the judgment was rendered, shall fail to file a transcript of the judgment in the district court, the appellee may, at any time after the expiration of thirty days, file such transcript, cause the case to be docketed, and a judgment rendered or the appeal dismissed, as he may prefer. But if, after the expiration of the thirty days, the appellant, having lost his right of appeal, should file the transcript, the same action may be taken thereon as though the transcript had been filed by the appellee. The evident purpose of the law is, that a transcript of the judgment of an inferior court must be on file in order that the district court may have jurisdiction to render the judgment or dismiss the case. There can be no good reason assigned for requiring two transcripts to be on file before the district court can make either of the orders referred to. The law does not require an unnecessary thing. The transcript being on file, the court would have jurisdiction. *Johnson v. Van Cleve*, 23 Neb., 559.

The second and next contention of plaintiff in error is, that the act of 1887 is unconstitutional and void. This is based upon section 11 of article 3 of the constitution, which provides that, "No bill shall contain more than one subject, and the same shall be clearly expressed in its title." The title to the act in question is, "An act to amend section 1011 of the code of civil procedure, and to repeal said original section."

It is insisted that that section contained but one subject, to-wit, the time of docketing an appeal, and the consequence of the failure to do so in the time required, while the new act not only amends that section, but provides a substitute for section 1010a, the preceding section, which regulates the time for filing pleadings in the distirct court on appeals from the county or justice courts. It is not necessary to discuss the constitutionality of the latter clause of the act of 1887, which provides the time in which pleadings shall be filed in the district court, as that question is not before us.   It is sufficient to say, that that portion of the section referring to the subject contained in the old section is complete and within the title of the act, and under the rule stated in *State, ex rel. Miller, v. Lancaster County*, 17 Neb., 85; *State v. Hurds*, 19 Id., 323; and *Board of Supervisors v. Stanley*, 105 U. S., 305, is in full force, unaffected by the constitutional inhibition referred to.

The judgment of the district court is therefore affirmed

JUDGMENT AFFIRMED.

THE other judges concur.