[No. 767.   Decided January 31, 1893.]

SPOKANE STREET RAILWAY COMPANY, *Appellant*, v. THE CITY OF SPOKANE AND R. A. JONES, *Respondents*.

MUNICIPAL CORPORATIONS — CONTROL OF STREETS — INTERFERENCE WITH STREET RAILWAY — INJUNCTION — PLEADING.

Where a city, in its grant of a franchise to a street railway company to lay tracks upon its streets, reserves "authority to enter upon said streets or any part thereof for the construction of sewers," the city may cause the construction of sewers in that portion of the streets covered by the company's tracks.

An allegation in a complaint to enjoin the construction of a sewer by a city, which states that "the plaintiff further alleges that said sewer can be constructed in the center of said street, if necessary, without injuring the plaintiff's property, and without interfering with the operation of plaintiff's said street railway," does not negative the presumption that the city was proceeding in such a manner as not unreasonably to interfere with the rights of the plaintiff, and is demurrable for want of sufficient facts.

*Appeal from Superior Court, Spokane County.*

*Turner, Graves & McKinstry*, and *Kinnaird & Happy*, for appellant.

*P. F. Quinn*, for respondents:

The city council has the absolute right to control the streets and make such improvements as it deems necessary for the public welfare and in the manner it sees fit, unless, in doing so, it acts maliciously and wantonly in its inter-

ference with private rights. Elliott, Roads and Streets, p. 368; *Wilson v. Mayor, etc., of New York*, 1 Denio, 600; *Middlesex Railroad Co. v. Wakefield*, 103 Mass. 263; *Lynch v. Mayor*, 76 N. Y. 60; *National Water Works Co. v. City of Kansas*, 28 Fed. Rep. 921; *Louisville City Ry. Co. v. City of Louisville*, 8 Bush, 421.

An allegation that the sewer might have occupied other space in the street is not equivalent to an allegation that the city acted unreasonably or maliciously. *Portsmouth Gas Light Co. v. Shanahan*, 19 Atl. Rep. 1002.

The opinion of the court was delivered by

HOYT, J.—Plaintiff brought an action against the defendants and sought to restrain them from proceeding with the construction of a certain sewer, for the reason that in the prosecution of the work by the contractor in accordance with the plans and specifications therefor, the railway of the plaintiff, and the operation of the same, would be greatly interfered with.  The superior court sustained a demurrer to the complaint, and plaintiff electing to stand thereon, judgment of dismissal was rendered, from which it has prosecuted this appeal.

Two questions are presented by the record for our decision—*First*, Had the city the right to construct its sewer along the street in question in the center thereof, notwithstanding the fact that there was room upon either side of the track of the plaintiff to permit of its construction without interfering therewith; and, *secondly*, if it had such right, were the allegations of the complaint sufficient to show that in the prosecution of the work as proposed the rights of the plaintiff would be unreasonably interfered with.

As to the first question above suggested, it may be stated as a general proposition well established by the authorities that a city has absolute control over its streets and every

part thereof, for the purpose of constructing sewers, or making other improvements which the welfare of the city demands; and unless there is some special allegation which shows that a different rule prevails as to the street in question, this general rule must be held to establish the affirmative of said proposition. In our opinion the grant of a franchise to a street railway company to construct and operate its road along any highway of the city would be subject to this general rule, even although there was no reservation of any rights of the city in the ordinance by which such franchise was granted. But we are not called upon to decide as to this, for the reason that in the ordinance by which the plaintiff was authorized to construct its said road there was an ample reservation of the rights of the city. Sec. 10 of said ordinance is substantially as follows:

"Nothing herein contained shall be deemed or construed to mean that the city relinquishes any of its rightful authority over the streets, or any parts of them, but the city, by its agents, officers or contractors, shall have and retain its full power and authority to enter upon said streets or any part thereof, for the laying of gas pipe, water pipes, the construction of sewers or other public works."

And it will be seen therefrom that the rights of the city are fully protected, and that the right to thus control its streets must be held to have been preserved as well in that portion thereof covered by the tracks of the plaintiff as in any other. If such had not been the intention there would have been no need of the provision that the rights granted the plaintiff were subject to the rightful authority of the city to enter upon said streets, or any part thereof, for the construction of sewers, etc. It is clear that without such reservation the city could enter upon the parts of the street not covered by the tracks, and to give any force to such reservation at all it must be held to refer to that portion of the street thus covered.

The city then had the right to construct the sewer in the center of the street, as it was proposing to do. The allegation relied upon by the appellant to show that the city was proceeding unreasonably in the prosecution of the work, and therefore unnecessarily interfering with the rights of the plaintiff, is the following:

"The plaintiff further alleges that said sewer can be constructed in the center of the said street, if necessary, without injuring the plaintiff's property, and without interfering with the operation of plaintiff's said street railway."

It is claimed on the part of the appellant that this allegation being taken as true establishes the fact that it is not necessary that the city should interfere with the rights of the plaintiff at all in the construction of said sewer. In determining the effect to be given to this language, the allegations or want of allegations in the complaint as a whole must be taken into consideration. In such complaint there is no allegation tending in the least degree to show any bad faith on the part of the city in its determination to construct said sewer in the manner proposed. There is no allegation that in doing the acts which were sought to be restrained the city was intending, to wantonly or maliciously interfere with the rights of the plaintiff. If such allegations had been in the complaint, though they would perhaps have been to a certain extent but legal conclusions, they might have aided the contention of the appellant as to the construction which should be put upon the language above quoted; but in their absence we must construe such language as it reads, and if there is any doubt as to the proper construction, that most unfavorable to the plaintiff must be taken.

The only fact alleged in this clause is, that the work can be done without interfering with the rights of the plaintiff, and this allegation alone is relied upon to show that the plan under which said sewer was being constructed was un-

reasonable.    That the action of the city council in deter-
mining upon such plans of construction, in the absence of
any allegation of malice or wantonness in coming to such
determination, *prima facie* established the fact that the plan
proposed was a reasonable and proper one, seems to us
clear, and we are also satisfied that such presumption is not
overcome by the allegation that the work can be done with-
out thus interfering with the rights of the plaintiff.    Under
these circumstances, this allegation must be construed as
though the language used was, that it was possible to con-
struct the sewer without interfering with the rights of the
plaintiff, but the fact that the work might possibly be done
in some other manner than the one proposed would not
establish the fact that such proposed plan was unreasonable
or improper.

It is contended on the part of the appellant that if such
allegation had been that the work could be practicably done
in some other than the way proposed, that the addition of
the element of practicability would have been simply a le-
gal conclusion.    In a certain sense this is no doubt true,
and in such a sense the allegation that the work can be
done at all is a legal conclusion; but in another and ordi-
nary sense such allegation may be said to be one of fact,
or at least such as good pleading allows to be so alleged.
There is hardly any pleading but what is full of allegations
which when critically analyzed are nothing more than legal
conclusions.    Conclusions of law and allegations of fact
are often so intimately connected that it is almost impos-
sible to allege the one without including more or less of
the other.    To allege that a certain thing can be done, if
treated as an allegation of fact, is substantially different
from an allegation similarly treated that the work can be
practicably done.

It follows that the presumption that the city was pro-
ceeding properly and in such a manner as not to unreason-

ably interfere with the rights of the plaintiff was not negatived by any allegation in the complaint, and that for that reason a cause of action was not stated. The demurrer was therefore rightfully sustained, and the judgment rendered thereon must be affirmed.

DUNBAR, C. J., and SCOTT, STILES and ANDERS, JJ., concur.