Francis D. Blakeslee, appellee, v. Missouri Pa-
cific Railway Company, appellant.

Filed December 5, 1894.  No. 5232.

1. **Injunction to Restrain Railroad Company from Using
Right of Way:** Sufficiency of Petition.  A petition for
an injunction is not sufficient where it states conclusions and
not the facts upon which such conclusions are based, or where
the acts, the doing or threatening to do which it is sought to
enjoin, are not averred, but must be supplied or appear only by
inference.

2. ———: ———.  The petition examined, and the facts therein
stated *held* insufficient to constitute a cause of action.

Appeal from the district court of Nuckolls county.
Heard below before Morris, J.

*B. P. Waggener, David Martin, James W. Orr, G. W.
Stubbs,* and *A. R. Talbot,* for appellant.

*S. W. Christy, contra.*

Harrison, J.

August 28, 1891, the appellee herein instituted an action
in the district court of Nuckolls county to enjoin the ap-
pellant from using the right of way over and across a
quarter section of land situate in said county, of which he
was the owner.  The petition filed was as follows:

"The plaintiff complains of the defendant, and for cause
of complaint alleges and shows:

"First—That the plaintiff now is, and for more than
ten years immediately last past has been, the owner in fee
of the northwest quarter of section No. twenty-nine (29),
in township No. three (3), in range No. eight (8) west of
the sixth principal meridian, in Nuckolls county, Nebraska.

"Second—That on or about the 1st day of August, 1887,
the Pacific Railway Company, being the Nebraska exten-

sion of the defendant company, located its line of road,
running from Superior, Nebraska, through Nuckolls and
Adams county to the city of Hastings, over the land of the
plaintiff above described, and took for right of way and
railroad purposes a strip of land one hundred feet in width
extending from the east to the west line thereof, the north
boundary being about seven rods distant from the north
line of the plaintiff's premises above described and running
about parallel with said line the entire distance across said
land.

" Third—That the amount of land taken by said railroad
for right of way is the sum of six and one-fourth acres,
and was, at the time of the taking thereof by said company
as aforesaid, of the value of $112.50, and the strip of land
lying on the north side of the track of said road, contain-
ing about seven acres, was, at the time of the location of
said road, of the value of $125, and by reason of location
of the road as aforesaid is depreciated in value in the sum
of $10 per acre, and the remaining one hundred and forty-
six and three-fourths acres is depreciated in value by reason
of the location of the defendant's road across said land as
aforesaid, the sum of $441, being $3 per acre, that the
plaintiff is damaged by reason of the taking of the land
for right of way and the location and construction of the
road, as aforesaid, in the sum of $625.

"Fourth—The said defendant, through the officers and
agents of the Pacific Railway Company, attempted to ac-
quire title to said right of way by certain proceedings for
the condemnation of real estate, which was attempted under
chapter 16 of the Compiled Statutes of Nebraska, a full
and complete copy of all the proceedings are in words and
figures as shown by Exhibit A of this petition, and made
part hereof, and are so defective that they gave the county
court no jurisdiction to act in the premises, or to do any-
thing by reason thereof in the matter of condemnation of
right of way for defendant.

"Fifth—The plaintiff alleges and shows that the county court was without jurisdiction to appoint appraisers to assess the damages to the plaintiff by reason of the taking of the land by the defendant company as aforesaid, for the reason that there is no finding by said county court, or the judge thereof, that the plaintiff herein was a non-resident, neither is there any evidence of any kind of record that said plaintiff was a non-resident of the state of Nebraska, and therefore the said county court, or the judge thereof, was without jurisdiction to appoint said commissioners to appraise the damage, and said commissioners were without jurisdiction to find and assess the damage accruing to the plaintiff by reason of the location of the defendant road as aforesaid.

"Sixth—The plaintiff further represents and shows that the first notice he had that the defendant company had located its track over his land as aforesaid and appropriated the six and one-fourth acres thereof for right of way was on the —— day of spring of 1891, and long after that time for appeal from said condemnation proceedings had expired, and he immediately authorized and empowered Theodore J. Moelle to proceed and attempt to make a settlement with the railroad company and to receipt for the damages, if such settlement could be made, and to give said company a full discharge for all the damage and injury done the plaintiff by reason of the location and construction of the said road as aforesaid, and in case no adequate settlement could be made with said company, to take such legal steps as were necessary to recover the amount of his damages for the taking and injuring of his land as aforesaid, and that on the 5th day of August, 1891, the defendant company declined the proposition of settlement in the following words: 'The company cannot admit Mr. Blakeslee's claim to compensation other than such as was awarded by the commissioners.'

"Seventh—The plaintiff further alleges and shows that

no other service or notice in said proceedings for the condemnation for the right of way over said land in the county court of Nuckolls county was ever had or attempted, except the publication of the notice included in Exhibit A hereto attached.

"Wherefore the plaintiff prays that the Missouri Pacific Railway Company, the defendant, be perpetually enjoined from using the right of way over the aforesaid land or operating their railroad over the same, until they have acquired a title thereto by a conveyance from the plaintiff, or by a regular legal proceeding under the statute of Nebraska providing for the condemnation of the right of way for railroad track and purposes, and the payment of the damages accruing to the plaintiff by reason thereof; and for such other, further, or different relief as equity may require, and for costs."

To this petition the appellant interposed a demurrer, the grounds of which were:

"1. The court has no jurisdiction over the person of the defendant.

"2. The court has no jurisdiction of the subject of the action.

"3. There is a defect of parties defendant.

"4. The petition does not state facts sufficient to constitute a cause of action."

The case was presented and argued to the court on the petition and demurrer thereto and the demurrer was overruled. The appellant then filed a motion for leave to answer, attaching to the motion its answer and also an affidavit in support of the motion. The court refused to grant leave to file the answer, and on consideration of the petition rendered judgment, perpetually enjoining the appellant from further trespassing upon, or occupying, or using any portion of the premises described in the petition, "for right of way for railway, or any other purpose," until it "acquired title thereto by legal proceedings." From this decree the company has appealed to this court.

In our view of the case as presented here it will only be necessary to notice one of the points discussed by counsel in their briefs filed herein, and that is, did the petition state facts sufficient to constitute a cause of action? The remedy prayed for in the petition in this action is the one provided by our Code in section 250, where it is stated: " The injunction provided by this Code, is a command to refrain from a particular act. It may be the final judgment in an action, or may be allowed as a provisional remedy;" etc. The pleading in an action of injunction to obtain the relief should set forth the particular act or acts, from the doing, or threatening to do, which it is asked of the court to command the party to refrain. The only connection which it is alleged existed between the appellant and the Pacific Railway Company, which, it is stated in the petition, prosecuted the condemnation proceeding and located its right of way over this land, is contained in the statements, first, that " the Pacific Railway Company, being the Nebraska extension of the defendant company," and second, " the said defendant, through the officers and agents of the Pacific Railway Company, attempted to acquire title to said right of way by certain proceedings for the condemnation of real estate," in neither of which, nor in any other portion of the petition, is there any direct statement that the two companies were one and the same corporation, or under the same management, or controlled by the same officers, nor is it anywhere pleaded that the Pacific Railway Company was controlled or operated by the appellant, or that it was not a separate company, and having an existence distinct and apart in all particulars from the appellant; nor are there such facts pleaded in the petition that the inference from them must or can be fairly drawn that there was only one organization, that of the appellant; nor is there any averment in the petition that the appellant company ever in the past used or threatened to use, operated or threatened to operate, is now using or

9

operating or threatening to do so in the future, the right
of way or a line of railroad over or across the appellee's
land, or any facts stated from which it may be fairly in-
ferred or concluded that the appellant so acted, is acting,
or intends so to act.    We think this is clearly insufficient,
for it is a rule of pleading in such cases as the one at bar
that a petition for an injunction is not sufficient from which
it appears only by inference, and not by averment, that
acts are being committed and continuing (for this is an
action in injunction against what, if correctly stated, would
be a continuing trespass), or one threatened which will
cause such an injury to plaintiff in the suit as will entitle
him to the allowance of the order. (*St. Joseph & D. R. Co. v.
Dryden*, 17 Kan., 280; Maxwell, Code Pleading, 195, and
cases cited; *Johnson v. Van Cleave*, 23 Neb., 559; *Mace v.
Commissioners of Carteret County*, 99 N. Car., 65, 5 S. E.
Rep., 740; *Lamm v. Burrell*, 14 Atl. Rep. [Md.], 682;
*Day v. Louisville, N. O. & T. R. Co.*, 11 So. Rep. [Miss.],
25; *Spokane St. R. Co. v. City of Spokane*, 32 Pac. Rep.
[Wash.], 456, 5 Wash., 634.)

The counsel for appellee in his brief says: "And we find
the appellant in possession and occupancy of the same, and
operating the road.    It is the appellant that is the present
trespasser, and continuing the trespass of which we com-
plain.    Who then should the injunction be brought against?
We seek to enjoin the appellant from further trespassing
upon our premises."    This is, we take it, a clear statement
of the relief appellee desired to obtain by his action; and
if such had been the statements in his petition, it would
have presented a very different case for consideration and
adjudication than was set forth in the pleading filed and
now before us.    The demurrer of appellant to the petition
should have been sustained and the decree of the district
court is reversed and the case remanded for further pro-
ceedings.

REVERSED AND REMANDED.