BIDDEFORD NATIONAL BANK *vs.* ETTA O. HILL et al.

York.    Opinion January 24, 1907.

*Promissory Notes.    Forgery.    Fraud.    Deceit.    Laches.    Bona Fide Holder.*

Where a person not intending to sign a promissory note but by fraud and deceit has been tricked into signing an instrument which afterwards proves to be a promissory note, such instrument is a forgery although the signature affixed thereto is genuine.

A forged paper without negligence imputed to the party affected by the forgery, is not a binding contract, whether the forgery was committed by alterations or substitution of the forged contract for the supposed genuine contract.

In the absence of negligence or laches on the part of a person not intending to sign a promissory note but who by fraud and deceit has been induced to sign an instrument which afterwards proves to be a promissory note, such note is not valid although in the hands of an innocent holder for value.

Whether or not a person not intending to sign a promissory note but who by fraud and deceit has been induced to sign an instrument which afterwards proves to be a promissory note, was guilty of negligence or laches in signing such instrument, is a question of fact to be submitted to the jury.

On motion by plaintiff.    Overruled.

Assumpsit upon a promissory note of the following tenor :

" $344.44.                           ,                      July 5, 1905.

" Three months after date, we promise to pay to the order of—
Biddeford National Bank—

—Three hundred forty-four 44-100 Dollars—at said Bank.
Value received.

ETTA O. HILL.
D. O'CONNOR & Co."

Tried at the January term, 1906, of the Supreme Judicial Court,
York County.   Plea, on the part of the defendant, Etta O. Hill, the
general issue together with a brief statement alleging as follows :
" That if the name of Etta O. Hill, which appears upon the note
declared upon in plaintiff's writ, was in fact placed there by the hand
of Etta O. Hill, that the act of signing said name by her was pro-
cured by Dennis O'Connor, the other defendant in this suit, by fraud
and false and fraudulent misrepresentation, and upon the statement
upon his part and the reasonable belief upon the part of Etta O.
Hill that she was signing a receipt in full for money just paid by
O'Connor to said Hill, and that said Etta O. Hill never in fact
executed or authorized to be executed the note in suit, but that if
the same was ever executed as a promissory note, its execution
was procured and completed by said O'Connor as above aforesaid
by means of false and fraudulent misrepresentation and by fraud
and deceit, and that said Dennis O'Connor forged and uttered as a
forgery the instrument declared on by plaintiff.   And that said note
was without consideration."   Verdict for defendants.   The plaintiff
then filed a general motion for a new trial.

Etta O. Hill was the only active defendant.   The other defendant
Dennis O'Connor who constituted D. O'Connor & Co., was not
present at the trial and was not represented by counsel.

The case fully appears in the opinion.

*Anthony Dwyer*, for plaintiff.

*B. F. Hamilton and Cleaves, Waterhouse & Emery*, for defendant,
Etta O. Hill.

SITTING: WHITEHOUSE, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

SPEAR, J. This is an action of assumpsit upon a promissory note for $344.44 dated July 5th, 1905, purporting to be signed by Etta O. Hill and D. O'Connor & Co. The undisputed facts show that Etta O. Hill at some time previous to the date of the note, had sold and delivered to D. O'Connor & Co., a quantity of pressed hay, the consideration for which amounted to $344.44. Early in the morning of the date of the note, she called upon O'Connor & Co., meeting D. O'Connor himself, for the purpose of obtaining a settlement for the hay. When the object of her call was made known to Mr. O'Connor, he informed her that he desired to settle for the hay by giving her the promissory note of the company for the amount due. This she peremptorily declined upon the ground that being left in entire charge of her father's farm, it would be necessary for her to make use of money at once in harvesting the hay upon the farm. Thereupon Mr. O'Connor wrote her a check for $344.44, the delivery of which she took from him and started to leave his place of business, when he called her back requesting her to sign a receipt, for the money received for the hay. She returned to his desk where a receipt for $344.44, all written out, was lying for her signature. Mr. O'Connor stepped along, placed his finger upon the paper and directed her where to sign. She signed the receipt as requested. It proved, however, that instead of signing the receipt as she supposed she was doing, she was deceived and tricked by O'Connor into affixing her signature either to a blank with the note in question afterwards written upon it, or upon a blank already filled in with the contents of the note. It is evident from the history of this transaction that the contract manifested by the note in suit was not the contract of the defendant Etta O. Hill. This proposition is too obvious and too well settled to require citation. If the note was not her contract, was she so negligent in placing her name upon the paper upon which the note appears, when she thought she was signing a receipt, that she is estopped from denying her act under the just and well settled rule that of two innocent parties, he whose negligence has occasioned the loss must bear it.

No exceptions were taken either to the ruling or the charge of the presiding Justice in presenting the case to the jury, and it is therefore presumed that every element of law in the case was properly given. It therefore follows that the question of negligence imputable to Etta O. Hill in signing the note purporting to be a receipt was properly submitted to the jury as a question of fact, and their verdict shows that they found this issue in favor of the defendant. The verdict must stand. We are of opinion that it was not only not erroneous but fairly deducible from the undisputed facts.

This brings us to the proposition of law whether, in the absence of any negligence on the part of Etta O. Hill in affixing her signature to the note, she thereby became liable for its payment. The bank was undoubtedly an innocent holder of the note for value, but in view of the fact that Etta O. Hill was fraudulently induced to sign the note without laches on her part, makes the note, not only not her contract, but a forgery with respect to her signature.

It is contended, however, that the fact that her signature is genuine, relieves the note from the character of a forged paper, and instead renders it a paper obtained by fraud and deceit.

But that a paper, obtained like the note in question, partakes of the character of a forged instrument, has long been the doctrine of the law in this and many other states.

*State* v. *Shurtliff*, 18 Maine, 368, decided in 1841, is a case wherein the grantee agreed with the grantor to purchase an acre of his farm and prepared the draft of a deed correctly describing the land agreed to be conveyed and exhibited it to the grantor who examined it and found it to be correct, but the execution of it was delayed and the draft was retained by the grantee; the grantee afterwards fraudulently prepared the draft of another deed describing the grantors whole farm and presented it to the grantor for his signature as the deed before examined and it was executed and delivered, but the court held this to be a forgery. In the opinion the court say : "Forgery has been defined to be a false making, a making malo animo, of any written instrument for the purpose of fraud and deceit. 2 Russell, 317, and the authorities there cited. The evidence fully justifies the conclusion that the defendant falsely made and prepared the

instrument, set forth in the indictment, with the evil design of defraud-
ing the party, whose deed it purports to be.   It is not necessary,
that the act should be done in whole or in part by the hand of the
party charged.   It is sufficient, if he cause or procure it to be done.
The instrument was false  .  .  .  .   If he had employed any
other hand, he would have been responsible for the act.   In truth
the signature of that false instrument, in a merely logical point of
view, is as much imputable to him, as if he had done it with his
own hand  .  .  .  .  and the opinion of the court is, that the
crime of forgery has been committed."

It is our opinion that the case at bar falls precisely within
the statement of facts and conclusions of law herein laid down.
In the case decided, the signature of the grantor upon the deed
was genuine, and procured by the fraud of the grantor.   In
like manner, the signature of Etta O. Hill upon the note was
genuine and procured, without negligence on her part, by the fraud
of D. O'Connor.

*Commonwealth* v. *Foster*, 114 Mass. 320, is similar in principle
to *State* v. *Shurtliff*.   In this case the court state the rule to
be:   "It matters not by whom the signature is attached, if
it be not attached as his own.   If the note is prepared for the
purpose of being fraudulently used as the note of another person,
it is falsely made.   The question of forgery does not depend upon
the presence upon the note itself of the indicia of falsity."   In a
subsequent paragraph it is further declared "to constitute forgery
where there has been no subsequent alteration, the fraudulent
intent must attend the making of the instrument.   But it is not
necessary that it should be in the mind of the one whose hand
holds the pen in writing the signature.   If that is done at the
dictation. or request of another, and for his purposes and use,
and his designs are fraudulent so as to make it forgery if he had
written it himself, then the instrument is a forged one."   See also
*Gregory* v. *State*, 26 Ohio State, 510 ; 20 Am. Rep. 774 ; 19
Cyc. 1374 D, and cased cited; 13 A. & E. Enc. 1087, 3, and cases
cited.

It would appear from these citations to be well established that

the note in question, under the circumstances attending its execution, was a forgery.

But from the fact that, as between O'Connor and Etta O. Hill, the note was a forgery, it does not necessarily follow that she would be relieved from liability thereon. There are numerous cases in which a party may be held criminally guilty of committing forgery, when the parties sought to be charged by the forgery cannot avoid their liability, as made apparent upon the face of the forged instrument. *Abbott* v. *Rose,* 62 Maine, at page 202-3. But nearly all these cases involve the negligence of the parties sought to be charged by the forged instrument either by their own failure to properly examine it, or by leaving it with blanks to be filled in by the agency of some other person, or by some other neglect of duty. But we have already determined that the defendant Etta O. Hill was not negligent, therefore the only remaining question to be determined is, whether she is liable upon this forged paper to the making and uttering of which her negligence in no way contributed. The law is well established that she cannot be held. The note taken by the bank with her name upon it was not her contract. It is no more binding upon her than if O'Connor had written her name upon the note with his own hand. It has been held in numerous cases that a forged paper without negligence imputed to the party affected by the forgery, is not a binding contract, whether the forgery was committed by alterations or a substitution of the forged contract for the supposed or genuine contract.

In *Greenfield Savings Bank* v. *Stowell,* 123 Mass. 196, Gray, C. J., in an elaborate opinion, reviewing both the common and civil law upon this point, declares : " It is a general rule of our law, that a fraudulent and material alteration of a promissory note, without the consent of the party sought to be charged thereon, whether made before or after the delivery of the note, renders the contract wholly void as against him, even in the hands of one who takes it in good faith and without knowledge or reasonable notice of the alteration; " and specifically held that the alteration of a promissory note by one of the makers by increasing the amount for which it is made by the insertion of words and figures in blank spaces left in the printed

form on which it is written, avoids the note as to such makers who do not consent thereto, even in the hands of a bona fide holder for a valuable consideration. To the same effect is *Draper* v. *Wood,* 112 Mass. 315.

*Waterman* v. *Vose et als.,* 43 Maine, 504, is in perfect accord with the rule above laid down and holds that the alteration of a note by the maker, after it was endorsed, by adding the words "with interest" was material, and if made without the consent of the endorser relieved him of liability, though the alteration was made before delivery. The reason upon which this conclusion was based, is that "an alteration afterwards, which is material, without his consent, will make it a contract which he never executed, and which it is manifest he never intended to, and it is a new contract to which he can in no sense be charged as a party and he cannot be bound by it." See also *Abbott* v. *Rose,* 62 Maine, 194, and *Fay* v. *Smith,* 1 Allen, 477, which is precisely in point in fact and law.

The ground upon which these cases seem to be decided is that the forgery destroyed the identity of the defendant's contract and present a different or new contract which he never made.

Under these well established rules of law, applicable to the case at bar, our conclusion is that the note signed by Etta O. Hill upon which she is sought to be charged, was a forgery with respect to her signature, not her contract and not binding upon her.

*Motion overruled.*