## CHICKASAW LOAN & TRUST CO. v. MILLS.

No. 6772—Opinion Filed June 27, 1916.

(158 Pac. 1156.)

**1. Indians—Alienation of Lands—Bona Fide Purchasers—Notice.**

Where an illiterate Seminole freedman is induced by fraud and deceit to make a deed to his allotment by representations to him that he was signing a mortgage to secure an indebtedness, and thereafter the land is sold, without notice of the fraud, held, that such purchaser is an innocent purchaser for value without notice.

**3. Same—Title Acquired.**

Where a Seminole freedman, who is unable to read and write, without negligence upon his part, is induced to sign an instrument which is fraudulently represented to him to be a mortgage, and which fraud and deceit amounts to larceny under the laws of the Indian Territory, such deed is void and confers no title upon the innocent purchaser of the land without notice.

(Syllabus by Clay, C.)

Error from District Court, Seminole County; Tom D. McKeown, Judge.

Action by the Chickasaw Loan & Trust Company against Eke Mills. Judgment for defendant, and plaintiff brings error. Affirmed.

John W. Willmott, for plaintiff in error.

Hunter Johnson, for defendant in error.

Opinion by CLAY, C. On the 1st day of November, 1911, plaintiff in error filed this suit in ejectment against defendant in error to recover the surplus allotment of defendant in Seminole county, Okla., and for damages, rents, and profits.

Defendant answered by general denial, and in his cross-petition sets up that he is a Seminole freedman and as such was allotted the N. E. ¼ of S. E. ¼ and S. E. ¼ of N. E. ¼ of section 31, township 9 N., range 7 E. I. M. in said county, and was allotted as his homestead the N. W. ¼ of the S. E. ¼ of section 31, township 9 N., range 7 E. I. M.; that there appears of record in said county a purported deed from defendant and wife to W. M. Smith and one from W. M. Smith to N. Bert Smith, and one from N. Bert Smith to plaintiff to the land in controversy; that defendant is and always has been illiterate and unable to read or write; that some time during the year 1905 defendant entered into an agreement with N. Bert Smith to purchase certain groceries and goods from him, and said Smith prepared a written instrument and represented it to be a mortgage upon the land of defendant to secure the payment of said groceries, and that relying upon said representations and being unable to read and write, and believing said representations, signed the said instrument; that defendant has never knowingly signed a deed to said M. M. Smith, but believes and is informed that the purported warranty deed attached as Exhibit A to plaintiff's petition is the same instrument executed as a mortgage to N. Bert Smith; that defendant has at all times been in open, adverse, and notorious possession of the land in controversy; that the N. W. ¼ of the S. E. ¼ of said section 31 is and was the homestead allotted to defendant; that all the deeds constitute clouds upon defendant's title, and prays cancellation and for general relief.

Upon the issues thus joined a jury trial resulted in a verdict for defendant, upon which judgment was rendered, and the plaintiff brings the case to this court for review.

Plaintiff discusses this cause upon two assignments of error:

First. The verdict and judgment are not sustained by the evidence and are contrary to law. The trial court instructed the judge that plaintiff was an innocent purchaser without notice, and under the facts as they appear in the record we think the court was correct in this instruction. The defendant did not except to this instruction, and we will not discuss it further.

Is the evidence in this case sufficient to support the verdict and judgment upon the theory that the purported deed to M. M. Smith was procured by false representations and deceit, and that defendant would not have executed it had he known that it was a deed? This question was answered in the affirmative by the jury; the jury being advisory to the court. The testimony is conflicting upon this question, but upon an examination of the evidence we are fully satisfied that no unbiased person can read this record without arriving at the conclusion that N. Bert Smith made false and fraudulent representations to this illiterate defendant about the character of the instrument he was signing, which, under section 2646 of the Criminal Code of this state, would amount to forgery; that the defendant would not have signed such instrument had he known it was a deed to his land.

The facts clearly show that defendant was so anxious to be safe in signing the mortgage that he had Smith give him a written statement that when payment was made of his account he would release the mortgage. This he took to the United States commissioner and then to a lawyer, who lost it. The evidence also clearly shows that defendant, considering his inability to read and write and his reliance upon the representations of Smith, was guilty of no negligence. The deed not being defendant's act by reason of the manner in which it was obtained, plaintiff, though an innocent purchaser, cannot hold defendant's land. Defendant was not a party to this contract. State v. Shurtliff, 18 Me. 368; Biddeford Nat. Bk. v. Hill, 102 Me. 346, 66 Atl. 721, 120 Am. St. Rep. 499; Clay v. Schwab, 1 Mich. N. P. 168.

A note in the hands of an innocent purchaser, produced by fraud and deceit, when defendant is guilty of no negligence, is invalid, since it is not the contract of the parties. Green v. Wilkie, 98 Iowa, 74, 66 N. W. 1046, 36 L. R. A. 434, 60 Am. St. Rep. 184; First Nat. Bank v. Wade et al., 27 Okla. 162, 111 Pac. 205, 35 L. R. A. (N. S.) 775.

The fraud and deceit practiced by Smith, which induced Eke Mills to sign a deed when he believed he was signing a mortgage for groceries, and which he would not have signed had he known the character of the instrument, is in effect forgery, under our statutes. Smith placed the names to the instrument, Mills only signing by mark. He did all in his power to prevent a fraud or forgery from being perpetrated upon him by taking a written agreement that Smith would release the mortgage upon payment of the debt. In the case of Marden v. Dorthy, 160 N. Y. 39, 54 N. E. 726, 46 L. R. A. 694, upon

a state of facts very similar to the case at bar, it was said:

"I have said defendant's claim rests upon a spurious or fabricated paper, but this expression does not describe the true character of the instrument. It was simply a forgery in every legal or moral aspect in which it can be considered."

The conduct of Smith, in this state, amounts to forgery, and the deed would be void and the plaintiff could not recover, though an innocent purchaser. 39 Cyc. 1150; Bird v. Jones, 37 Ark. 195. Also see note to Conklin et al. v. Benson, 36 L. R. A. (N. S.) 540. In the state of Arkansas, Mansfield's Digest, sec. 1645, Carter's Digest, sec. 988, provides:

"Every person who, with intent to defraud or cheat another, shall designedly, by color of any false token or writing, or by any other false pretense, obtain a signature of any person to any written instrument, or obtains from any person any money, personal property, right in action, or other valuable thing or effects whatever, upon conviction thereof shall be deemed guilty of larceny and punished accordingly."

Theft or fraud likewise renders a deed void and no title passes, as in the case where a deed is placed in escrow and it is wrongfully delivered, or is stolen. There had been no delivery, and therefore no title passes. 9 Am. & Eng. Ency. Law (2d Ed.) 155; Tisher v. Beckwith, 30 Wis. 55, 11 Am. Rep. 546; Rehbein v. Rahr, 109 Wis. 136, 85 N. W. 315; Garrett v. Goff, 61 W. Va. 221, 56 S. E. 351; Chipman v. Tucker, 38 Wis. 43, 20 Am. Rep. 1; Harkreader v. Clayton, 56 Miss. 383, 31 Am. Rep. Annot. 369.

We therefore conclude that plaintiff, though an innocent purchaser without notice of any infirmities in the instrument, cannot recover of the defendant, for the act of Smith amounted to forgery or larceny. Neither can plaintiff recover, for the reason that there was no delivery of the deed. The instrument delivered, though it is a deed, was not the act of the defendant, Eke Miller, because he was illiterate and relied upon the representations of Smith, and believed that he was signing a mortgage, which Smith agreed was to be canceled upon the payment of the amount stated. Marden v. Dorthy, 160 N. Y. 39, 54 N. E. 726, 46 L. R. A. 694; Stone v. French, 37 Kan. 145, 14 Pac. 530, 1 Am. St. Rep. 237; Steffian v. Nat. Bank, 69 Tex. 513, 6 S. W. 823; Gould v. Wise, 97 Cal. 532, 32 Pac. 456, 33 Pac. 323; Henry v. Carson, 96 Ind. 412; Rapps v. Gottlieb, 142 N. Y. 164, 36 N. E. 1052; Gregory v. State, 26 Ohio St. 510, 20 Am. Rep. 774; Com. v. Foster, 114 Mass. 311, 19 Am. Rep. 353.

The second assignment of error complains of certain instructions given to the jury. We have examined the instructions complained of and think they fairly presented the law of this case. No special instructions were requested and plaintiff is not in position to urge this objection. The jury merely acted in an advisory capacity, and the court was not bound by the verdict. Moore v. O'Dell, 27 Okla. 194, 111 Pac. 308; First Nat. Bank v. Tevis, 29 Okla. 714, 119 Pac. 218; Curtis, etc., v. Pribyl, 38 Okla. 511, 134 Pac. 71, 49 L. R. A. (N. S.) 471.

Finding no error in the record, we recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.