UNIVERSAL C. I. T. CREDIT CORPORATION
*vs.*
LAWRENCE J. CYR, ET AL.

Kennebec. Opinion, May 12, 1964.

*Marden, Dubord, Bernier & Chandler,*
   by *Richard J. Dubord,*
      *Lawrence D. Ayoob,* for Plaintiff.

*John Marshall,*
*Daniel J. Murphy,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ. MARDEN, J., did not sit.

WILLIAMSON, C. J. This is an action on a negotiable promissory note by the Universal C.I.T. Credit Corporation, an indorsee and holder in due course, against the makers. The defense is that through fraud on the part of the payee the defendants executed the note without negligence on their part. The jury found for the defendants. The case is before us on appeal from denial of a motion for judgment for the plaintiff notwithstanding the verdict.

Apart from the alleged fraud, the plaintiff is plainly a holder in due course under the Uniform Negotiable Instruments Act, which reads:

"**Sec. 52. What constitutes holder in due course.** — A holder in due course is a holder who has taken the instrument under the following conditions:

"**I.** That it is complete and regular upon its face;

"**II.** That he became the holder of it before it was overdue and without notice that it had been previously dishonored, if such was the fact;

"**III.** That he took it in good faith and for value;

"IV. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." (R. S., c. 188.)

See also *Kellogg* v. *Curtis,* 69 Me. 212; *Farrell* v. *Lovett,* 68 Me. 326.

The controlling issue was stated in *Branz* v. *Stanley, et al.,* 142 Me. 318, 320, 51 A. (2nd) 192, as follows:

"For it is well settled in this jurisdiction that if not intending to sign a promissory note she was by fraud and deceit and without negligence on her own part tricked into signing that which afterwards proved to be a note the instrument is a forgery and void as to all parties. And whether she is estopped by her own negligence from denying her signature was a question for the jury. *National Bank* v. *Hill,* 102 Me. 346, 66 A. 721, 120 Am. St. Rep. 499; see Negotiable Instruments Act, R.S. 1944, Chap. 174, Sec. 23; 8 Am. Jur. 318"

Negligence which was a question for the jury in *Branz* may also under certain circumstances be a question of law.

In *Kellogg* v. *Curtis,* 65 Me. 59, the court said, in a case involving execution of a completed negotiable note:

"In our opinion, the facts of this case clearly show a heedlessness by the defendant and want of care. We by no means mean to be understood as saying that a person may be holden in every case where his signature to a note has been surreptitiously obtained. Many cases might occur where the maker would be in no fault. But the defendant signed a paper which he knew was to be effectual for some purpose by means of his name thereto, and was in fault for intrusting it with an adversely interested party, without knowing himself what it was. By this act he inflicts a loss upon an innocent party unless he bears the loss himself. We think he should bear the penalty of his own folly and

mistake. *Caveat emptor* does not apply in such a case."

\* \* \* \* \* \* \* \* \* \* \* \* \*

"What constitutes negligence in a case like this, where the facts are clear and unequivocal, is a question of law."

See also *Abbott* v. *Rose,* 62 Me. 194; *Biddeford National Bank* v. *Hill,* 102 Me. 346, 66 A. 721; Annot., 160 A. L. R. 1295.

The Kennebec Siding and Roofing Co. (Kennebec Venetian Blind & Window Co.) was engaged in selling and installing siding, roofing, doors, windows, and other housing materials. On February 10, 1960, the defendants, husband and wife, signed a "Contract of Sale" authorizing the installation of a garage door and siding for the barn, with other details.

On February 10, 1960, the defendants signed a "Property Improvement Statement" containing information about employment, income, property, debts, bank and credit references. There was also a statement including total cash cost of improvements $1339; time balance $1807.65; "No. of Mos. Requested 60."

The statement was addressed to "UNIVERSAL C.I.T. CREDIT CORPORATION: This statement is submitted to induce you to purchase my obligation arising from the improvements listed below: . ." Near the signatures are the words "NOTICE TO CUSTOMER: IMPORTANT READ BEFORE SIGNING."

Under date of March 2, 1960, we find a "CUSTOMER'S COMPLETION CERTIFICATE AND AUTHORIZATION" addressed to the Universal C.I.T. Credit Corporation, in which the defendants over their signatures certified the contract had been satisfactorily completed "on premises indicated in my/our Property Improvement Statement,

which material and work constitute the entire consideration for my/our Promissory Note." Opposite the signatures the certificate reads: "IMPORTANT: Do Not Sign This Certificate Until All Materials And Work Contracted For Have Been Satisfactorily Delivered And Completed."

Also under date of March 2, 1960, the defendants executed a note to the Kennebec Venetian Blind & Window Co. or order in the amount of $1807.65 payable in 60 monthly instalments. In large type at the outset of the note are the following words: "THIS IS A NEGOTIABLE PROMISSORY NOTE." At the end of the note we read:

> "Customer acknowledges receipt of a completed copy of this promissory note, including above Notice.
> s/Lawrence J. Cyr.
>
> "Customer (Person on whose life group credit life insurance will be obtained, if applicable.)
> s/Rosalie Cyr
>
> (Additional Customer, if any)"

The note was indorsed by the payee to the plaintiff without recourse, and, as we have said, the plaintiff is a holder in due course.

The "Property Improvement Statement," the "Customer's Completion Certificate and Authorization," the promissory note, and a "Dealer/Contractor Certification" executed by the "Kennebec Venetian Blind & Window Co. Mfgs.," the dealer, certifying the completion of the work and other facts, were on forms provided the dealer by the plaintiff. In fact the "Customer's Completion Certificate and Authorization" and the promissory note were executed in blank by the defendants *before* the work was *completed*. As we may expect, the work was never completed.

The defendants stoutly assert that they did not know they were signing a note, that they thought they were signing

a paper having something to do with credit or financing of the project, but in any event not a note. The evidence warranted a finding that the dealer defrauded the defendants in the execution of the note. There remains the question whether the defendants were negligent as a matter of law in executing the note, and thus are estopped from raising the question of fraud.

There is no suggestion that the defendants were illiterate, or inexperienced in business matters as in *C.I.T. Corp.* v. *Panac* (Cal.), 154 P. (2nd) 710, 160 A. L. R. 1285, cited by the defendants. The evidence is undisputed that the defendant Lawrence J. Cyr had financed automobiles with banks and had borrowed money on notes.

We cannot escape the conclusion that the defendants were utterly heedless in signing the note. If they had read what was so plainly stated, no confusion could have arisen. Their trust in the salesman was misplaced. The dealer had the plaintiff's money, loaned on the strength of defendant's note. One must lose, and the loss here falls on the defendants.

On this record defendants were negligent as a matter of law. The plaintiff was entitled to the direction of a verdict in its favor. Maine Rules Civil Procedure, Rule 50(c); *Nisbet* v. *Linberg*, 157 Me. 61, 170 A. (2nd) 148.

The entry will be:

*Appeal sustained.*

*Remanded for assessment of damages and entry of judgment for the plaintiff notwithstanding the verdict.*